UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| KEVIN SCHAAP, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18-cv-834 (APM) |
| ANGELA D. CAESAR, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Kevin Schaap, proceeding pro se, filed this action against Clerk of Court Angela D. Caesar and other employees of the U.S. District Court for the District of Columbia's clerk's office. *See* Compl., ECF No. 1. Plaintiff asserts a host of causes of action, *id.* at 11–12, all of which arise out of Defendants' alleged failure to issue summonses in a related case, *see id.* ¶¶ 13–22, 40–41, and take other actions associated with that case, *id.* ¶¶ 49–50. For the reasons that follow, this matter is dismissed with prejudice.

It is settled in this jurisdiction that court "clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). "[I]mmunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction.'" *Id.* at 1461 (alteration in original) (quoting *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987)). Absolute immunity squarely applies in this case. The issuance of summonses plainly is a basic and integral part of the judicial function. *Cf. Sobamowo v. Bonner*, 1 F.3d 45 (Table), 1993 WL 299058, at *3 (D.C. Cir. 1993) (noting that clerks' duties of "accepting filings and signing orders 'for the court'" are "indisputably

'integral parts of the judicial process' within [the clerks'] jurisdiction" (alteration in original) (citation omitted)). So, too, is the other alleged conduct that forms the basis of Plaintiff's claims. *See* Compl. ¶ 50 (alleging actions arising out of a court clerk's duties with respect to case administration). Defendants therefore are immune from suit.

A district court may dismiss a complaint sua sponte under Rule 12(h)(3) when it is apparent that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (citing *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983); *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, 264 F. App'x 1 (D.C. Cir. 2008)). And whether a defendant is immune from suit is a question concerning the court's subject-matter jurisdiction. *See generally* 5B Charles Alan Wright et al., Federal Practice and Procedure § 1350 (3d ed. 2018).

Accordingly, because Defendants are absolutely immune from suit, the court lacks subject-matter jurisdiction over this action and sua sponte dismisses with prejudice. All pending motions on the docket are therefore denied as moot. An Order consistent with this Memorandum Opinion is issued separately.

Dated: May 15, 2018

Amit P. Mehta
United States District Judge